**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

FILED BY_____D.C.

MAR 29 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

|  |  |  |
|---|---|---|
| JAY LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-20424-RKA |
| | ) | |
| OFC. COLLINS, #7953, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS/**
**FOR A MORE DEFINITIVE STATEMENT**

The Plaintiff hereby responds to the Defendant's Motion to Dismiss/ For a More Definitive Statement. The Plaintiff concedes to the arguments contained in the Defendants' Motion to Dismiss. The Plaintiff concedes that the Plaintiff's Complaint did not indicate which facts applied to each element of each claim, or which claims applied to which Defendants. However, the Plaintiff requests that this court deny the Defendants' Motion for a More Definitive Statement.

**I.   ARGUMENT**

**A.  Shotgun Pleading**

The Defendants contend that "[t]he [Plaintiff's] Complaint…falls into the fourth shotgun-pleading category because each of the five counts asserts a claim against the group of Officers without delineating which one is responsible for each alleged act of misconduct." The Plaintiff concedes to the Defendants' legal analysis of the shotgun pleading doctrine. The Plaintiff concedes that the Plaintiff's Complaint did not allege which facts applied to each

1

Stout, Stout, & Stout, *Pro Se* Litigation

element of each claim, or which specific claims applied to which specific Defendants. However, the Plaintiff's Complaint is not a shotgun pleading and states enough facts to allege which claims apply to which Defendants.

### 1. First Amendment Retaliation, Unlawful Detention, Unlawful Arrest, Malicious Prosecution, Due Process Claims Against Defendant Hernandez

The Plaintiff alleged in the Plaintiff's Complaint, "'At 00:15:00 into the video, on the corner of Franjo and East Indigo, Defendant Hernandez stated to the Plaintiff, "I'm telling you to have a seat now because now you're going to be detained."'" (Dkt. 1, ¶ 44). Paragraph 44 alleges that Defendant Hernandez detained the Plaintiff for filming, thereby criminalizing the Plaintiff and beginning and causing a criminal investigation that resulted in the Plaintiff's arrest and in the institution of criminal proceedings against the Plaintiff. Therefore, the Plaintiff stated enough facts to allege that all of the Plaintiff's claims apply to Defendant Hernandez.

### 2. First Amendment Retaliation, Unlawful Detention, Unlawful Arrest, Malicious Prosecution, Due Process Claims Against Defendant Collins

The Plaintiff alleged in the Plaintiff's Complaint, "The Plaintiff responded to Defendant Hernandez, 'What are you detaining me for? What's your reasonable suspicion,' as Defendants Collins and Hernandez physically subdued the Plaintiff to the sidewalk." (Dkt. 1, ¶ 45). Paragraph 45 alleges that Defendant Collins detained the Plaintiff for filming, thereby criminalizing the Plaintiff and beginning and causing a criminal investigation that resulted in the Plaintiff's arrest and in the institution of criminal proceedings against the Plaintiff. Therefore, the Plaintiff stated enough facts to allege that all of the Plaintiff's claims apply to Defendant Collins.

### 3. First Amendment Retaliation, Unlawful Detention, Unlawful Arrest, Malicious Prosecution, Due ProcessClaims Against Defendant Fernandez

The Plaintiff alleged in the Plaintiff's Complaint, "Defendant Fernandez continued, 'However, today is a different day. The reason being is because we received information from

our own "homeland security bureau" about threats being made to police stations and municipal offices. That's the reason why you're being detained.' Defendant Fernandez further stated to the Plaintiff, 'You're being detained because based on the information that we got from our homeland security bureau of people making active threats and recording in police stations.'" (Dkt. 1, ¶ 61). Paragraph 61 alleges that Defendant Fernandez detained the Plaintiff for filming, thereby criminalizing the Plaintiff and beginning and causing a criminal investigation that resulted in the Plaintiff's arrest and in the institution of criminal proceedings against the Plaintiff. Therefore, the Plaintiff stated enough facts to allege that all of the Plaintiff's claims apply to Defendant Fernandez.

### 4. First Amendment Retaliation, Unlawful Detention, Unlawful Arrest, Malicious Prosecution, Due Process Claims Against Defendant Rodriguez

The Plaintiff alleged in the Plaintiff's Complaint, "Defendant Rodriguez responded, 'Unfortunately, you have failed to dispel our suspicion for your whereabouts and your reason for being in the area, coupled with the fact that you have refused to identify yourself.'" (Dkt. 1, ¶ 92). Paragraph 92 alleges that Defendant Rodriguez detained and arrested the Plaintiff for filming, thereby criminalizing the Plaintiff and beginning and causing a criminal investigation that resulted in the Plaintiff's arrest and in the institution of criminal proceedings against the Plaintiff. Therefore, the Plaintiff's Complaint stated enough facts to allege that all of the Plaintiff's claims apply to Defendant Rodriguez.

### 5. Unlawful Arrest, Malicious Prosecution, Due Process Claims Against All Defendants

The Plaintiff alleged in the Plaintiff's Complaint, "The Defendants then placed the Plaintiff under arrest." (Dkt. 1, ¶ 95). Paragraph 95 alleges that all of the Defendants arrested the Plaintiff for filming, thereby instituting criminal proceedings against the Plaintiff. Therefore, the

Stout, Stout, & Stout, *Pro Se* Litigation

Plaintiff's Complaint stated enough facts to allege that all of the Plaintiff's claims apply to Defendant Rodriguez.

### 6. All Claims Against All Defendants

Based on the Plaintiff's arguments (1)-(5) the Plaintiff has established that the facts contained in the Plaintiff's Complaint allege that all of the Plaintiff's claims apply to all of the Defendants.

### B.  Qualified Immunity

For purposes of this specific response, the Plaintiff concedes to the Defendants' analysis of the doctrine of qualified immunity.

The Defendants contend that "Plaintiff's claim for malicious prosecution in violation of the Fourth Amendment fails because Plaintiff's seizure was expressly accomplished through arrest and not prosecution. And with the Fourth Amendment providing an express source of rights, Plaintiff's claim for a deprivation of due process under the Fourteenth Amendment is misplaced." (Dkt. 5, p. 9).

### 1.  Malicious Prosecution

The Plaintiff concedes to the Defendant's argument.

### 2.  Due Process (Substantive)

The Plaintiff concedes to the Defendant's argument.

———

Stout, Stout, & Stout, *Pro Se* Litigation

Date: 3/21/2022

Submitted,

*Jay Lopez*

Jay Lopez, *Pro Se*
*Plaintiff*
1129 Van Loon Common Circle, #103
Cape Coral, FL 33909
(786) 492-2735
stoutstoutstoutproselitigation@gmail.com

5

Stout, Stout, & Stout, *Pro Se* Litigation

## CERTIFICATE OF SERVICE

I hereby certify that I emailed a copy of this document on March 20, 2022, to:

Erica Zaron, Esq.
County Attorney's Office
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, FL 33128
Tel: (305) 375-5151
Facsimile: (305) 375-5611
E-mail: zaron@miamidade.gov
Attorneys for Defendants

Date: 3/21/2022

Submitted,

Jay Lopez, *Pro Se*
*Plaintiff*
1129 Van Loon Common Circle, #103
Cape Coral, FL 33909
(786) 492-2735
stoutstoutstoutproselitigation@gmail.com

6

Stout, Stout, & Stout, *Pro Se* Litigation

## **GHOSTWRITING CERTIFICATE**

I hereby certify that I did not receive assistance from an attorney in the preparation of this document.

Date: 3/21/2022

Submitted,

Jay Lopez, *Pro Se*
*Plaintiff*
1129 Van Loon Common Circle, #103
Cape Coral, FL 33909
(786) 492-2735
stoutstoutstoutproselitigation@gmail.com

Stout, Stout, & Stout, *Pro Se* Litigation

U.S. POSTAGE
$1.56
FCM LG ENV
22401 0024
Date of sale
03/21/22
06    2S
SSK
11486370

USPS FIRST-CLASS MAIL ®

2.70 oz
0024

**F**

SHIP
TO:

Miami FL 33128

(420) 33128

U.S. M...
INSPECTED
BY.

Clerk (Civil)
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128

Jay Lopez, *Pro Se*
*Plaintiff*
1129 Van Loon Common Circle, #103
Cape Coral, FL 33909

Stout, Stout, & Stout, *Pro Se* Litigation