UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CIV-20424-ALTMAN

JAY LOPEZ,

    Plaintiff,

v.

OFFICER COLLINS, *et al.*,

    Defendants.
_____/

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION TO AMEND COURT'S SCHEDULING ORDER AND MOTION FOR SANCTIONS

Pursuant to Federal Rules of Procedure 12(f), Southern District Local Rule 16.2(g)(2), and other applicable law, Defendants hereby move the Court to strike Plaintiff's recently filed Motion to Amend Court's Scheduling Order ("Motion to Amend") [ECF No. 22], because it includes a line that improperly references confidential communications made in the context of settlement. The Court should also sanction Plaintiff for revealing these comments because he was forewarned that such disclosures defied the Southern District's Local Rules.

This is a civil rights case that Plaintiff, acting *pro se*, filed against four individual police officers. More specifically, Plaintiff alleges claims for false arrest, malicious prosecution, and First Amendment retaliation arising out of his arrest for loitering and resisting without violence. [ECF No. 1-2]. Defendants moved to dismiss the case on March 18, 2022. [ECF No. 5]. That motion is fully briefed and remains pending.

On June 10, 2022, this Court held a status conference in which it ordered the parties to participate in an informal settlement conference. The Court's Order following the status conference required Plaintiff to send Defendants a demand and then for the parties to participate in an "*informal settlement conference*" within a week's time. [ECF No. 17] (emphasis in original). The parties complied,

and on June 16, 2022, the parties spoke over the phone to discuss resolving this lawsuit. Both sides made representations about the value of the case, but ultimately the parties could not resolve it.

On August 22, 2022, the Court entered an Amended Trial Order setting today, September 22, 2022, as the deadline for the parties to select a mediator. Two weeks ago, on September 8, 2022, the undersigned emailed Plaintiff with the names of three potential mediators and informed Plaintiff that the parties must split the cost of mediation. Plaintiff responded that he would file something with the Court to be relieved of mediation because *he* believed, based on comments made at the June 16 informal settlement conference ordered by this Court, that neither party wanted to settle. On September 14, 2022, Plaintiff emailed defense counsel the very Motion to Amend he then filed one week later [ECF No. 22]. In the second to last line of text in the draft sent to defense counsel and of-record at ECF No. 22, Plaintiff included specific comments he claims defense counsel made at the settlement conference about the value of the case.[1]

Upon receipt of the draft motion, the undersigned corrected Plaintiff that while the parties have very different views of the value of the case, Defendants always intended to attend the future mediation in good faith and in accordance with the Court's Trial Order. Defendants also advised Plaintiff that, should he file a motion including confidential details from their settlement conference, he would violate Southern District Local Rule 16.2(g)(2) and Florida Statutes Section 44.405 prohibiting the disclosure of information exchanged during settlement discussions.

Rule 16.2(g) specifies that information derived during mediation conferences:

> shall be confidential and are privileged in all respects as provided under federal law and Federal Statutes § 44.405. The proceedings may not be reported, recorded, placed into evidence, *made known to the Court or jury*, or construed for any purpose as an admission against interest. A party is not bound by anything said or done at the conference, unless a written settlement is reached, in which case on the terms of the settlement are binding.

---

[1] The undersigned does not recall making the exact comments referenced in Plaintiff's Motion but will assume that they are true for purposes of this motion only.

(Emphasis added). Florida Statutes § 44.405 states, in turn, that "all mediation communications shall be confidential. A mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel."

Under the statute, Plaintiff is prohibited from disclosing confidential settlement conference communications to ***anyone*** who was not a participant at that June 16, 2022, settlement conference. For this reason, Defendants explicitly warned Plaintiff against filing anything that contained confidential details, such as Defendants' purported valuation of the case.

Yet Plaintiff did so anyway, flouting the rules and statutes that apply. Given this conduct, Defendants reasonably anticipate that Plaintiff will continue to breach the confidentiality of that conference in this case. Moreover, Plaintiff maintains associations with other self-described First Amendment auditors and has a robust presence on social media where he broadcasts his orchestrated encounters with law enforcement, making it possible that he will reveal this information in extra-judicial settings as well. As such, Defendants were left with no choice but to seek redress with this Court.

The Court should begin by striking Motion to Amend so it is no longer viewable on the Court's docket. Federal Rule of Civil Procedure 12(f) permits the Court to strike any material that is "redundant, immaterial, impertinent, or scandalous." The Motion to Amend contains content that is completely prohibited by this Court's Local Rules, which renders it immaterial, impertinent, and scandalous. *Hunter v. Corr. Corp. of Am.*, No. CV 314-035, 2017 WL 1536444, at *2 (S.D. Ga. Apr. 27, 2017) (striking pursuant to Rule 12(f) the plaintiff's "Notice of Outcome of the Mediation" because its reference to "settlement amounts offered by Defendants and demanded by Plaintiff have no bearing on the outcome of this case."); *See Abrams-Jackson v. Avossa*, 282 F. Supp. 3d 1268, 1272 (S.D. Fla. Oct. 13, 2017) (striking mediation statement filed on the docket).

The Court should also impose sanctions in light of Plaintiff's blatant disregard for the Rules governing this proceeding because he had been forewarned of the law on this issue. Florida Statutes Section 44.405, incorporated by Local Rule 16.2(g), specifies that, "[a] violation of this section may be remedied as provided by s. 44.406." Under those circumstances, a court ***shall*** impose equitable relief, compensatory damages, and/or the "[r]easonable attorney's fees and costs incurred in the application for remedies under this section" on any party who "knowingly and willfully discloses a mediation communication." Fla. Stat. § 44.406.

Plaintiff knowingly and willfully disclosed confidential statements made in the context of settlement discussions. One week before the offensive filing occurred, defense counsel informed Plaintiff that what he intended to do violated the Rules of this Court. Despite the clear prohibition and ***clear forewarning of the Rules***, Plaintiff breached the parties' confidentiality in the Motion to Amend. As such, and in addition to striking the Motion to Amend, Defendants request that the Court enter an order that: 1) allows mediation to proceed with any one of the Defendants' proposed mediators; 2) instructs Plaintiff that he will be responsible for payment of half the costs of mediation; and 3) imposes sanctions against Plaintiff, including, but not limited to, attorneys' fees associated with having to seek Court intervention on this matter. *Abrams-Jackson*, 282 F. Supp. 3d at 1274 (awarding attorneys' fees as a sanction against party who filed a confidential mediation statement on the docket). A proposed order granting the relief requested is attached.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), as described throughout this Motion, the undersigned counsel conferred with Plaintiff and can represent that Plaintiff opposes the relief sought herein.

Dated: September 22, 2022         Respectfully submitted,

GERALDINE BONZON-KEENAN
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810

Miami, FL  33128

By:    s/ Erica Zaron
Erica S. Zaron, Esq.
Florida Bar No. 0514489
Assistant County Attorney
Telephone:   (305) 375-5151
Facsimile:    (305) 375-5611
E-mail: zaron@miamidade.gov

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served September 22, 2022, on Jay Lopez via CM/ECF.

s/ Erica Zaron
Erica S. Zaron

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CIV-20424-ALTMAN

JAY LOPEZ,

     Plaintiff,
v.

OFFICER COLLINS, *et al.*,

     Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION TO AMEND COURT'S SCHEDULING ORDER AND MOTION FOR SANCTIONS

**THIS MATTER** is before the Court upon Defendants' Motion to Strike Plaintiff's Motion to Amend Court's Scheduling Order and Motion for Sanctions.

It is hereby ORDERED AND ADJUDGED that Defendants' Motion to Strike Plaintiff's Motion to Amend Court's Scheduling Order and Motion for Sanctions is GRANTED. Plaintiff's Motion to Amend Court's Scheduling Order [ECF No. 22] is hereby SRICKEN. Defendants may schedule mediation with the mediator of their choosing. Plaintiff shall pay half the costs of mediation. The Court imposes an award of attorneys' fees against Plaintiff for the amount of time incurred by Defendants to research and draft the Motion to Strike Plaintiff's Motion to Amend Court's Scheduling Order and Motion for Sanctions.

**DONE AND ORDERED** in Chambers in Miami-Dade County, Miami, FL, this _____ day of September, 2022.

                                                    THE HONORABLE ROY K. ALTMAN
                                                  UNITED STATES DISTRICT JUDGE

cc:  Service List